# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

Charles Sultan #A93755                     )          15-cv-611-JPG
                                           )   Case Number: _____
_____           )          (Clerk's Office will provide)
_____           )
                                           )   ☒ CIVIL RIGHTS COMPLAINT
        *Plaintiff/Petitioner(s)*          )   pursuant to 42 U.S.C. §1983 (State Prisoner)
                v.                         )   ☒ CIVIL RIGHTS COMPLAINT
S. Duncan; R. Moore; A/w Tredway,          )   pursuant to 28 U.S.C. §1331 (Federal Prisoner)
D. Stolworthy; W. McCormick;               )   ☐ CIVIL COMPLAINT
A. Hamilton; Gluonsy; Gilreath;            )   pursuant to the Federal Tort Claims Act,
A. Stout, Monical; Lewis; Brown            )   28 U.S.C. §§1346, 2671-2680, or other law
Sawyer; Harper, Ginder; Patterson          )        Jury Trial Demanded
Berry; Baylor; Carroll, Stuck,             )
Weber; Wise; Dust, Conrad,
Carter, McAllister; Defendants, etal

## I.    JURISDICTION

Plaintiff: Charles Sultan # A93755

A.    Plaintiff's mailing address, register number, and present place of
      confinement. At 10930 Lawrence Rd, Sumner, Il. 62466

**Defendant #1:**

B.    Defendant STEVEN       DUNCAN                        is employed as
                        (a)   (Name of First Defendant)
      COA / WARDEN     at Lawrence CC
                        (b)   (Position/Title)
      with IDOC,     P.O. Box 19277 Springfield Il. 62794
                        (c)   (Employer's Name and Address)

      P.O. Box 19277 Springfield, and 10930 Lawrence Rd, Sumner, Il.

      At the time the claim(s) alleged this complaint arose, was Defendant #1
      employed by the state, local, or federal government?    ☐ Yes    ☐ No

      If your answer is YES, briefly explain:

Defendant #2: Moore,

C.    Defendant _MOORE A/W 2T Lawrence,_ is employed as

(Name of Second Defendant)

_Roger Moore  A/W of Operations / Security_
(Position/Title)

with _IDOC, LAWRENCE, 10930 Lawrence Rd Sumner, Il._
(Employer's Name and Address)

_Illinois Department of Correction, Springfield_
_Il. 62794_

At the time the claim(s) alleged in this complaint arose, was Defendant #2
employed by the state, local, or federal government?  ☑ Yes    ☐ No

W/ Duncan  and  A/W Tredway

If you answer is YES, briefly explain: A/Warden Moore, 2T 2ll Time is in
Charge of Operations, Programming Business Office, Internal Affairs and
Personnel office of The Lawrence Correctional Center, including
Super Vision of its "Sort "(Orange Crush)" Units, and To The
implementation, oversight. Warden are appointed by The Director of The
IDOC. as Mandated by The Illinois Compiled Statutes.


Additional Defendant(s) (if any): The Address of These Defendants are The Same as Above
10930 Lawrence Rd, Sumner, Il. and/or P.O. Box 19277 Springfield, Il.

D.    Using the outline set forth above, identify any additional Defendant(s). The Address Are
The Same as Above For 2ll of The Following Defendants. See attached page # 8. and
Paragraph- 8. All of The Names There are incorporated. 2s if They are
Fully restated herein. All the Named defendants are Employees of IDOC
Working 2t Lawrence on the Day in question, and 2ll Members of The
Orange Crush Team Assigned 2t Lawrence C.C. at All Times
relevant To These events 2t issue in This Case, These Named Defendants
were Acting under Color of Law 2nd within The scope of Their
Employment with IDOC.

## II.   PREVIOUS LAWSUITS

A.   Have you begun any other lawsuits in state or federal court relating to your imprisonment?                    ☑ Yes   ☐ No

B.   If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint.</u>

    1.   Parties to previous lawsuits:
        Plaintiff(s): CHArles SulTAN

                V.

        Defendant(s): James FENOGlio

    2.   Court (if federal court, name of the district; if state court, name of the county): SouThErN DisTricT of Illinois

    3.   Docket number: 12·CV-1229

    4.   Name of Judge to whom case was assigned: REAGAN, ChieF Judge

    5.   Type of case (for example: Was it a habeas corpus or civil rights action?): Issues based on uNsanitary CondiTions, & deliberate Indifference To Medical Needs, As To Medical Negligence.

    6.   Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?): STill pending

    7.   Approximate date of filing lawsuit: 2012

    8.   Approximate date of disposition: PENDING aT This Time,

III.    **GRIEVANCE PROCEDURE**

A.      Is there a prisoner grievance procedure in the institution? ☑Yes    ☐ No

B.      Did you present the facts relating to your complaint in the prisoner
        grievance procedure?                                    ☑Yes    ☐ No

C.      If your answer is YES,
        1.      What steps did you take?

I First Filed an EMERGENCY grievance, which Lawrence Staff Somehow
lost it. I Then Filed a second, after I mailed letter Trying To Find out what
was going on with my grievance.

        2.      What was the result?

As always IT was Denied as out of the Time From after they (Lcc)
Lost the grievance Making The second one out of Time because they
Took So long To Move on The grievance which was Now late.

D.      If your answer is NO, explain why not.

N/A

E.      If there is no prisoner grievance procedure in the institution, did you
        complain to prison authorities?                        ☑Yes    ☐ No

F.      If your answer is YES,
        1.      What steps did you take?

I Filed TWO EMERGENCY grievances All were appeald To The ARB
But all were denied No matter What happen.

        2.      What was the result?

The warden, C/o and ARB as Always denied every one of
the Grievances.

G.      If your answer is NO, explain why not.

H.      Attach copies of your request for an administrative remedy and any
        response you received. If you cannot do so, explain why not:    See
attached doucument here, Grievances, C/o's and Counsleor
Reports Which Denied All MATTER No Matter What.

## IV.   STATEMENT OF CLAIM

A.   State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

1. In July 2014, The "Orange Crush" Conducted a Shakedown of Cells at Lawrence Correctional Center (L.CC). Rather Than pursue This Shakedown as a Legitimate Security procedure, In This Case, The Defendants beat, Sexually humiliated, and Otherwise abused Mr. Sultan, destroyed his Property, and Otherwise unwarranted infliction of punishment for the purpose of Causing humiliation and Needless pain. Plaintiff Seeks damages for his injuries, and an injunction prohibiting Defendants from inflicting Such abuse during future Seaches.

2. For example, Mr. Sultan and other-prisoners at (L.CC) were Subject To; a humiliating Strip Seerch in Front of Female Officers and Ordered To Touch his genitals and then use The Same hands To open his Mouth; He was then painfully Handcuffed Tight with his palms outward; Ordered To March From his housing unit To The Chowhall at The Facility with his hand on the back of The prisoners ahead of him in Line So That One man's genitals were in direct Contact with The Next man's buttocks. (Referred To by The Orange Crush Team as "Nuts To Butts");

-5-

Violent attacks by Defendant Orange Crush Officers when (I) prisoners broke that Formation; and ordered to stand in a stress position for several hours. Throughout the entire shakedown, Defendant ORANGE Crush Officers hurled Epithets at the prisoners, chanted "Punish the In-Mates", and told plaintiff that this was punishment for his Sins.

3. Defendant's Conduct at Lawrence was not an aberration. Rather, "Orange Crush" has conducted similar abusive strip searches and shakedowns at other Illinois Department of Corrections (IDOC) facilities, including Menard Correctional Center (Menard) Big Muddy River Correctional Center (Big Muddy River), and here at Lawrence Correction Center (L.CC). All of these shakedowns are the direct result of unconstitutional policies and practices in place at the IDOC to conduct such periodic Orange Crush shakedowns so as to inflict pain and humiliation on prisoners entrusted to its Care.

4. THE painful and Humiliating Shakedowns Inflicted physical injuries—Including Headaches, dizziness, Wrist pain, and lower Back pain with Nick Pain — And Emotional injuries — including Severe Embarrassment, fear, Stress, Trauma, and Humiliation.

## JURISDICTION and VENUE

5. This Court has Jurisdiction of this Action Pursuant To 28 U.S.C. §§ 1331 and 1367.

6. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, One or More Defendants Reside in this judicial district, and a Substantial Portion of the events giving rise to the Claims asserted herein Occurred within this district.

## PARTIES

7. Plaintiff Charles Sultan is a prisoner in the Custody of the IDOC. At all Times relevant To the events at issue in This Case, Mr. Sultan was housed at Lawrence C.C. Mr. Sultan brings This action on behalf of himself— For his injuries, Suffering with pain at Lawrence C.C. From 2014 To The present.

8. Defendants Michael Gilreath, Jason Zollars, Jerry Tanner, Andy Stout, Dale Monical, Ben Lewis, Brad, Yourka, Kevin W. Johson, Marcus Jenkins, Janet Carle, Bud Brown, Stephen Sawyer, Walter McCormick, Jerry Harpen, Jason Ginder, Jeremiah Patterson, James Berry, Randy Baylor, Bill Carroll, Brad Stuck, Eric Weber, Lance Wise, Daniel Dust, Steven Conrad, Jarrod Carter, Timothy McAllister, Noble Harrington, Samuel Shehorn, Jeffrey Kidd, Ben Vaughn, Travis Ochs, Brian Livingston, Robert Kamp, Anthony Senn, Trent Ralston, Maury Goble, Bradley Ausbrook, Seth Hough, Christopher Brant, Ethan Clary, Matthew Winka, Michael Dean, Nicholas Lampley, Dallas Willis, Timothy Conrad, Christopher Cales, James Gosnell, Alexander, Lockhart, Matthew Tribble, Andrew Gangloff, MaryEllen Thomason, Justin Eckelberry, Doug Liive, Jacob Milam, Zachariah Buchanan, Akeem Hamilton, Andrew Volk, Gary Perkins, Kyle Brooks, John Chenawlt, Jr., Dan Mullin, Andrew Mays, and Brandon Richey are all Employees of the IDOC, and all members of the Orange Crush Team assigned to Lawrence. At all times relevant to the events at issue in this case, these Defendants were acting under color of law and within the scope of their employment with the IDOC.

-8-

9.    Defendant STEVEN Duncan CAO/Warden at Lawrence, and an Employee of the IDOC. On Information and belief, Defendant DUNCAN is Responsible for The Supervision of The Shakedown at Lawrence. At all Times Relevant To The events at issue in This Case, Defendant DUNCAN Was acting under Color of Law and Within The Scope of his Employment With The IDOC.

10.    Defendants MOORE Chief of Operation at Lawrence For The IDOC, and is Responsible For the Supervision of all Officers at Lawrence including Supervision over its "SORT" (ORANGE CRUSH) UNITS and The IMPLEMENTATION, Oversight, and Supervision of Policies and Practices executed by ORANGE CRUSH Members. At All Times relevant To The events at issue in This Case, Defendant A/W MOORE WAS Acting under Color of Law and Within the scope of his Employment with The IDOC.

11.    Defendant D. STOlWORTHy is the Current Director of The (IDOC). He is Sued in his Official Capacity as Director of (IDOC). Plaintiff Therefore is Asserting Only Claims For injunctive Relief Against Defendant STOlWORTHy as the Acting Director at IDOC, The Defendant STOlworthy Acts Were under Color of Law.

-9-

## ALLEGATIONS

12. On July 7, 2014 about 9:00 a.m. Housing Unit (R-2) was on Lockdown For approximately a week. The Unit was Searched by ORANGE Crush at Lawrence Correctional Center. (Lawrence). The Members of The IDOC's ORANGE CRUSH Tactical Team were both MALES and FEMALES Making up The Team at Lawrence. All were dressed in ORANGE, The Officers didn't wear Their Name Tags or Badges. Plaintiff Could only identify One ORANGE CRUSH member because he is about 7'FT - Tall and Very (Black) in Color, his Name is AKEEM Hamilton. However, The Name of Officer Glucnsy, Was on plaintiffs Shakedown Slip, and there + were John Doe's #1. and #2. Whos Names are Unknown To me at This Time, One of Them, [Doe's] Knew me From Menard CC. I was about To Tell him Of The Carpal Tunnel Surgery I Just had, That was when Hamilton First hit me in The Back of my Nick, yelling at Me. Saying, "We Told you NOT To Talk or Look at US."

13. We were Told you was (SMART), "But You're NOT."

14. Then he hit me in STomach For Looking at Them, Trying To Tell Them of the "Carpal Tunnel Surgery."

16. When Plaintiff Complainted about The Handcuffs being To Tright and Cutting into his Wrist he was Struck Yet Again. Named Plaintiff Charles Sultan Seeks To pursue Claims both of The Federal Rules of Civil Procedure, and 42 § 1983

17. Upon entering each wing of the facility Orange Crush officers would yell loudly and making loud "whooping" like noises, and hitting their batons on the walls, tables, doors, and railings in the wing.

18. Three of the Orange Crush officers lined up in front of my cell in the wing, and yelled at the men in the wing to "get asshole naked!" Once we were un-dressed, they ordered each prisoner to bend over while facing inside of the cell (leaving our backs to the officers), and to spread our buttocks and lift each foot off the ground.

19. Defendant Orange Crush officers then ordered us. men to turn around to face the officers, and to lift their genitals. Next we were ordered to open our mouths with our fingers, using the same hands that we had just used to touch our genitals and buttocks. When plaintiff asked to wash his hands before putting them into his mouth he was told to "shut the fuck up!" and was threatened with being put in segregation if he did not comply. Some of the Defendant Orange Crush officers present in the housing unit during the strip search were females.

28. When Defendant Orange Crush Officers Finished Strip Searching The First group of Prisoners in The Cells, They ordered Them return To Their Cell and To get dressed in pants, overshirts and Shoes. While Those MEN were putting on The permitted Clothing, Defendant Orange Crush Officers repeated The Same process with Other MEN in The Cells.

29. Once all of The Strip Searches were Completed, Defendant Orange Crush Officers Ordered The MEN To Face The Wall (with Their backs To The Officers) and To "KEEP [Their] Fucking heads down!" Any Prisoner who Looked at The officers was Slammed into The Wall and Told To put [his] Fucking head Down!" Defendant Orange Crush Officers then handcuffed all of The Men in a Particularly painful way — with The palms of Their hands Facing outwards and Their Thumbs pointed up To The sky. The handcuffs were also "extremely Tight," Causing injuries To The prisoners wrists, and eliciting Complaints from The Prisoners. He was Told To "Shut The Fuck up!" And To KEEP [His] Fucking head[s] down!" and were Threatened with Segregation if HE, did Not Comply. Some of The Prisoners asked To see a Nurse or other Medical Staff. All request received The same response. All of The MEN were handcuffed in The same way, regardless of whether They had a Front Cuff permit issued by Medical Staff  .I order requiring Correctional officers To handcuff Men with Their hands in Front of Them, rather Than behind).

22. THE MEN Were NexT Ordered To lINE up and Told To KEEP Their heads down. DefendanT Orange Crush Officers Then lined up nexT To The prisoners, hitTing Their batons in their hands, and ChanTing — "Punish The inmaTes." This WenT on For about THREE MINuTes.

23. Once The ChanTing STopped, DefendanT Orange Crush Officers grabbed The back of prisoners head and Slammed iT ViolenTly inTo The back of The Prisoner ahead of him in line. DefendanT Orange Crush Officers Ordered The prisoners To STand in Such a Way ThaT one man's geniTals were in direcT ContacT wiTh The butTocks of The man ahead of him in line — ReFerred To by DefendanT Orange Crush Officers as "NuTs To ButTs." Mr. SulTan head was Slammed down So ViolenTly ThaT his glasses Broke and Fell To The ground. He Suffered ExTre. dizziness and lighTheaded Ness as a resulT.

24. DefendanT Orange Crush Officers Then shoved Their batons in beTween SulTan's legs and jerked upwards, Forcing him To STRanighTen his legs while KEEping his back benT over aT a 90-degree angle OnTo The prisoner in FronT of him. This had the effecT of Forcing The MenTo place Their geniTals direcTly againsT The butTocks of The MEN in FronT of Them.

This also had the effect of forcing the men to place their genitals directly against the buttocks of the men in front of them. The officers then ordered the prisoners, using several epithets, to march in that formation from their housing wing to the chowhall at the facility. As the men began marching, the officers yelled that they didn't "want to see any fucking light between any of the prisoners in line.

33. The march from the housing wings to the chowhall was long and painful. Every time that a prisoner's head came off of the back of the prisoner in front of him, officers responded with violence. Defendant Orange Crush officers would slam the prisoners head into the back of the prisoner in front of him. Some were violently yanked out of the line, and choked and pulled to the ground while other officers jabbed them in their backs with batons. Each time this occurred, the line would stop moving. The frequent starts and stops of the procession, as well as the inherent difficulty that prisoners had maintaining perfect contact with the prisoner ahead of them in line, forced several prisoners to break contact with the prisoner in front of them, causing them to be attacked by the officers.

26. When The procession of prisoners arrived at The Chowhall, DeFendant Orange Crush Officers ordered them To stand facing The wall and others To seT aT Tables with their heads down. They remained handcuFFed. Many oF The oFFicers Then leFT The Chowhall To return To the housing wings. DeFendant Hamilton, However, remained in The Chowhall with The prisoners.

27. THE prisoners who remained sTanding in This sTress position For several hours. SulTan aT That Time was (66 years old), During That Time, DeFendant HamilTon yelled aT The prisoners: "This is punishmenT For all your sins!" He ordered Prisoners noT To ask For medical aTTenTion because none would be provided, noT To ask For waTer because none would be given ouT To Anyone, and noT To ask To use The bathroom because They would be also denied. HE FurTher Told The prisoners That iF Their handcuFFs were Too FuckIng TighT, They would have To NoT be punks, buT be men and Take iT or geT yourAss dragged To seg!

-15-

28. After several hours, the other Defendant Orange Crush Officers returned. They lined up the prisoners in the same formation as before, and again slammed their heads into the backs of the prisoners in front of them. They again ordered the prisoners to march in that formation back to their housing wings. Just as before, if a prisoner broke the line by lifting his head off the back of the person in front of him, Defendant Orange Crush Officers reacted with violence.

29. Defendant Orange Crush Officers " laughed at and taunted the prisoners went throughout the entire march to and from the Chowhall.

30. One of the prisoners asked an officer to get the warden, Defendant Hamilton, In respones, He laughed and told him that the warden already knew all about what was happening at this Facility.

31. When they at last returned to their housing wing, the prisoners found their cells had been "Tossed" "upsidedown."

Many of The prisoners like Mr. Sultan found That non-Contraband items had been Taken, including legal documents and property That They had legitimately purchased from The Commissary at The Facility. Although IDOC policies require STaff To complete "Shakedown Slips" To document any property Taken From a prisoner, Many prisoners did NOT receive any Shakedown Slips at all. Those prisoners who did receive "Shakedown Slips" Found That They Contained an inaccurate account of what had been Taken and also That The Slips Obscured The Officers Names who had Confiscated The property. Upon information and belief, this was done intentionally, as policy, To Conceal The identity of Defendant Orange Crush Officers who had Participated in The Shakedown. (Many prisoners grievances also Come up Lost or NOT Found by STaff at Lawrence).

40. THE prisoners Suffered physical injuries as a result of The Shakedown at The Facility, including Severe headaches, dizziness, lightheadedness, blurred Vision, and Severe pain in His Neck and his Back From The March. Plaintiff Complained about These injuries To the Officers during The Shakedown and March, and upon reTurn To his Cell. He was denied Medical attention. Officer instead Told him To "Submit a grievance like you inmates always do."

-17-

33. IN July 2014, Orange Crush Officers Targeted Lawrence. They Conducted a humiliating Strip Search in Front of Female members of The Orange Crush Team. At The Facility, They Forced plaintiff To March out of his housing units in a "Nuts To Butt" Procession. Every Time He Failed To Comply with Defendant Orange Crush Officers Unreasonable demands, Defendants reacted with Violence. Throughout all of The shakedowns, Defendant Orange Crush Officers Taunted, yelled at, and Violently attached This inmate Solely To harass and humiliate him.

34. On information and belief, Defendant Orange Crush Officers executed their unconstitutional and Cruel Shakedown procedures at Lawrence in 2014 pursuant To a policy or practice implemented, Overseen, and encouraged by IDOC Supervisors, including Defendants Yurkovich, DUNCAN, MOORE, Baylor, Zollars, TANNER, Michael Gilreath, Ochs, STout, Yonaka, Ginder, Ausbrook, BRANT, Dallas Willis, Gosnell, Lockhart, TRibble GANGLOFF, THomason, Eckelberry, LINE, Milam Buchanan, Hamilton, Volk, PERKins, K. BRooks, Mullin, Mays Richey, James BERRY.

-18-

35. According To The IDOC's Website, On July 1, 2014, There Were 2,367 Men housed at Lawrenc, Sultan was One of Them.

36. There are questions of Law and Fact Common To The Claims in This Case, Among These Common questions are:

a. Whether The Strip Search as Conducted at Lawrence Violated Sultan's Rights Under The Eighth Amendment;

b. Whether Defendants Violated the Constitutional Rights of This prisoner by Forcing him To March with his head On The backs or buttocks of The prisoner ahead of him in line So That One Man's genitals were in direct Contact With the Next Man's buttocks;

c. Whether Defendants Violated The Constitutional Rights of This prisoner by Violently Forcing his head into The back of The prisoner ahead of him in line; and

d. Whether Forcing This prisoner To Stand in Stress positions For Several hours Constituted Crule and Unusual Punishment.

37. Charles Sultan's claims are that when Mr. Sultan was a prisoner at Lawrence and was subjected to the abusive and inhumane shakedown executed by Defendant Orange Crush Officers. His treatment during the shakedown in July 2014 is typical of other prisoners throughout Lawrence, and at other facilities where the Orange Crush Team conducted these abusive shakedowns. He seeks to prove that the tactics employed by Defendants in conducting this shakedown violated the constitutional rights of Mr. Sultan, and to obtain an injunction prohibiting Defendants from inflicting that abuse during future searches.

38. To this day, IDOC prisoners including prisoners housed at Lawrence - will continue to be subjected to shakedown procedures like the ones described in this complaint. Sultan is not a skilled pro se Jail-house lawyer, He has not yet retained skilled counsel to represent fairly and adequately his interests in this case,

## COUNT-I

**39.** U.S.C. § 1983 - CRUEL and UNUSUAL PUNISHMENT (EIGHTH AMENDMENT)

**40.** Plaintiff incorporates each paragraph of this complaint as if fully restated here.

**41.** As described more fully above, Defendants inflicted unnecessary physical and emotional pain and suffering upon Mr. Sultan. They did so intentionally, wantonly, and/or with malice.

**42.** Alternatively, Defendants knew the risk of harm that their misconduct posed to the prisoner and nevertheless acted with deliberate indifference in executing the shakedown at Lawrence, despite Plaintiff's age of 66 at that time.

**43.** As a result of Defendants unjustified and unconstitutional conduct, Mr. Sultan suffered pain, emotional distress, and injuries.

**44.** The misconduct described in this count was undertaken intentionally, with malice, and/or with reckless indifference to the rights of Mr. Sultan.

**45.** The injuries to Mr. Sultan were proximately caused by the policies and practices of the IDOC defendants.

**46.** On information and belief, Defendant Orange Crush Officers executed their unconstitutional and cruel shakedown at Lawrence pursuant to a policy or practice implemented and overseen by Defendant S. Duncan, Moore and Yurkovich and other IDOC Supervisors regarding shakedowns at the Lawrence facility. Accordingly, Defendant Yurkovich and Duncan were responsible for Supervision and Oversight of the ORANGE CRUSH Team, directly encouraged the very type of misconduct at issue in this case, failed to provide adequate training and Supervision of Defendant ORANGE CRUSH Officers, and failed to adequately punish and discipline prior instances of similar misconduct. In this way, Defendant Yurkovich violated the rights of Mr. Sultan at Lawrence by maintaining and implementing policies and practices that were the moving force driving Constitutional violations

**47.** On information and belief Defendants Steve Duncan, Yurkvich and Moore had Notice of Wide spread "Policies and Practices of Orange Crush Officers" and Other Members of The Defendant Orange Crush Team, Pursuant To Which Sultan was Subjected To The unconstitutional and Tortious Acts of Violence and Humiliation, as described More Fully Above. Despite Knowledge of These problematic Policies and Practices, Defendant Duncan and Yurkovich did Nothing To ensure That the prisoners at The Facility were Treated Humanely and in Accordance with The Rights afforded To him by The United States Constitution. These Wide spread Policies and Practices Were Allowed To Flourish because Defendant Duncan, and Yurkovich directly Encouraged the Very Type of Misconduct at Issue in This Case, and Failed To Provide Adequate — Training and Supervision of Orange Crush Team Members. In This Way, Defendants Duncan and Yurkovich Violated Sultan's Rights by Maintaining and Implementing Policies and practices That Were The Moving Force driving The Foregoing Constitutional Violations.

48. THE above described Policies and Practices Were able To Exist and Thrive because Defendants Duncan and Yurkovich were deliberately indifferent To The problem, There by effectively Ratifying it.

49. THE injuries of Mr. Sultan and Were Caused by Employees of THE IDOC, including but Not limited To The individually Named Defendants, who acted pursuant To the foregoing Policies and Practices in engaging in The Misconduct described in This Count.

50. Defendants Continue To This day To perform Shakedowns at Lawrence and Other IDOC Facilities, Using These Unconstitutional and Cruel Methods described More Fully above. Accordingly, Mr. Sultan, Seeks on his behalf injunctive Relief From This Court To Stop The Continuing Constitutional Violation.

51. Mr. Sultan Also on his behalf Seeks Actual and punitive damages.

## COUNT-II
### 42 U.S.C. § 1983- Conspiracy

52. Plaintiff incorporates each paragraph of This Complaint as if Fully restated here.

53. Defendants reached an agreement Among Them Selves To deprive The Plaintiff housed aT (R2) Lawrence CC. of his Constitutional rights and To protect One another from liability For depriving him and Other prisoners of Their Rights, John Howard Association hereinafter (JHA) receives Multiple Reports of "inmates grievances being lost, Not responded To or even acknowledged.

54. Defendants has No Uniform, Consistent System or policy in IDOC To ensure that grievances, Once Turned Over by a prisoner To the Facility, are logged, docketed and recorded as having been Filed. This is problematic, given That: (1) The Illinois Administrative Code, Which governs The grievance process, Places Time limits on Filing a grievance; and (2) The Prison Litigation Reform Act of 1995 ("PLRA") Makes exhaustion of administrative Remedies under The grievance System Mandatory Prerequisite For a prisoner To bring a Claim over prison Conditions in Federal Court.

55.    In Furtherance of The Conspiracy, each of The Co-Conspirators Committed overT Acts and was an Otherwise Willful Participant in Joint Activity.

56.    The MisConduct described in This Count was Undertaken intentionally, With Malice, and/or with Reckless indifference To the Rights of Mr. Sultan

57.    As a direct and proximate result of The illicit prior agreement referenced above, the rights OF The prisoners at Lawrence, and Mr. Sultan's Right Were Violated and he Suffered injuries, including Pain, Suffering, and emotional distress.

58.    These injuries were Caused by employees of The IDOC, including but NOT limited To The individually Named Defendants, who acted pursuant to the policies and Practices described above.

-26-

59.    Defendents Continue To This day To conspire To deprive Mr. Sultan of his Constitutional Rights, and To Protect one another from liability For the deprivation of Those rights, all as described in The various paragraphs of This complaint. Accordingly, Mr. Sultan, seeks injunctive relief From This Court To stop The continuing Constitutional Violation:

60.    Defendents Lack of reliability, Credibility and Consistency in The Illinois Prison grievance System are not New Conspiracy problem, but were Noted by JHA and The Illinois Bar Foundation decades ago in studies conducted on the grievance Systems in Cook County Jail, Stateville Correctional Center and Vienna C.C.

61.    Mr. Sultan in his own behalf also Seeks actual and punitive damages.

# COUNT-III
## 42 U.S.C § 1983 – Failure To Intervene
## (Eighth Amendment)

62. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

63. As described more fully above, Defendants each had reasonable opportunity to prevent the violation of the Constitutional Rights of the prisoner Mr. Sultan when he was housed at Lawrence, (Mr. Sultan) as set forth above had they been so inclined. They failed to do so.

64. Defendant's Actions undertaken intentionally, with Malice, and/or with Reckless indifference to the rights of the prisoner Sultan housed at this Facility.

65. As a direct and proximate result of Defendants Misconduct, The rights of Mr. Sultan, were Violated and he Suffered injuries, including pain, suffering, and emotional distress.

66. Mr. Sultan's injuries were caused by the employees of the IDOC, including but not limited to the individually named Defendants, who acted pursuant to the policies and Practices described more fully above.

-28-

67.    Mr. Sutton, on behalf of himself, pro se
seeks actual and punitive damages for Defendant's
Violation of the Constitutional Rights of him at Lawrence.

## COUNT IV
42 U.S.C. § 1983 - Prison Rape Elimination Act

68.    Plaintiff incorporates each paragraph of this Com-
plaint as if fully restated here.

69.    By executing and encouraging the Shakedowns
described more fully above, Defendants have violated and con-
tinue to violate several provisions of the Prison Rap
Elimination Act National Standards, 28 C.F.R. § 115,
Promulgated by the United States Attorney General Pur-
suant to the Prison Rape Elimination Act, 42 U.S.C. § 15607.

70.    Defendants have Conducted and continue
to Conduct Cross-gender Strip Searches of Mr. Sutton
in violation of 28 C.F.R. § 115.15. There are no Exigent
Circumstances Present during these Shakedowns to justify
Cross-gender Strip Searches.

-29-

71.   Despite Several Plaintiff's repeated reports of the sexual abuse and harassment that HE have suffered and continue to suffer. Defendant Stolworthy refuses to conduct any Administrative or Criminal investigation into the misconduct committed by Defendant Orange Crush Officers, in Violation of 28 C.F.R. §§ 115.22 and 115.71.

72.   On information and belief, Defendant Stolworthy has failed and continues to fail to provide Adequate Training to Defendants and other IDOC staff on any IDOC policy prohibiting sexual abuse and sexual harassment, in Violation of 28 C.F.R. § 115.31.

73.   Defendant Stolworthy refuses to provide a proper Channel for inmates to report the Sexual Abuse and harassment that we suffer to any public or private entity not part of the IDOC, in Violation of 28 C.F.R. § 115.51. He Similarly refuses to provide a proper Channel for prisoners like Sultan to Report that Sexual abuse and harassment privately within the IDOC.

74.   Instead, When prisoners like Sultan Complain about the Sexual abuse and harassment that he is suffering, his complaints are referred to the same Defendants who Perpetrated the Abuse and harassment, in Violation of 28 C.F.R. § 115.52.

75. On information and belief, none of The Defendents has been disciplined For The Sexual abuse and harassment That They perpeTrated On Mr. SulTan, which Subjected him To The Same Sexual Abuse and harass-MenT, in Violation of 28 C.F.R. § 115. 76.

76. Mr. SulTan has been denied assess To Medical Care, in Violation of 28 C.F.R. § 115.82.

77. In Sum, Defendant STolworThy has grossly Failed To ProTecT Prisoners like Mr. SulTan From The Sexual abuse and harassmenT That They have SuFFered and Con-Tinue To suffer at The hands of the Orange CRush Team. This abuse is precisely The Same Type of Misconduct That The Prison Rape Elimination AcT SoughT To eliminate. Accordingly, Mr. SulTan, upon his behalF, Seeks injunctive relief From This Count To require Defendants To Comply With The Prison Rape Elimination AcT National STandards.

## COUNT-V
### INTENTIONAl INFicTion OF EMOTIONAl DISTRESS

78. PlainTiff incorporates each Paragraph of This Complaint as if Fully ResTaTed here.

-31-

79. In The Manner described more fully Above, Defendants engaged in extreme and outrageous Conduct, Those actions

80. Defendants actions as set Forth Above Were undertaken with intent or Knowledge That There was a high probability That The Conduct would inflict severe emotional distress and with reckless disregard of That Probability.

81. Defendant's Actions as set Forth above were undertaken intentionally, With Malice, and /or with reckless indifference To The rights of The prisoner housed at Lawrence.

82. The Misconduct described in This Count was undertaken by Defendants within the scope of Their Employment.

83. As a direct and Proximate result of This Misconduct, Mr. Sultan, experienced injuries, Severe emotional distress, and Suffering.

Wherefore, Plaintiff, Charles Sultan, respectfully requests that this Court enter a Judgment in his Favor and against Defendants, Michael Gilreath, Jason Zollars, Jerry Tanner, Andy Stout, Dale Monical, Ben Lewis, Brad Yonaka, Kevin W. Johson, Marcus Jenkins, Janet Carle, Bud Brown, Stephen Sawyer, Walter McCormick, Jerry Harper, Jason Ginder, Jeremiah Patterson, James Berry, Randy Baylor, Bill Carroll, Brad Stuck, Eric Weber, Lance Wise, Daniel Dust, Steven Conrad, Jarrod Carter, Timothy McAllister, Noble Harrington, Samuel Shehorn, Jeffrey Kidd, Ben Vaughn, Travis Ochs, Brian Livingston, Robert Kamp, Anthony Senn, Trent Ralston, Maury Goble, Bradley Ausbrook, Seth Hough, Christopher Brant, Ethan Clary, Matthew Winka, Michael Dean, Nicholas Lampley, Dallas Willis, Timothy Conrad, C. Cales, James Gosnell, Alexander Lockhart, Matthew Tribble, Andrew Gangloff, Maryellen Thomason, Justin Eckelberry, Doug Line, Jacob Milam, Zachariah Buchanan, Akeem Hamilton, Andrew Voik, Gary Perkins, Kyle Brooks, John Chenault, Jr., Dan Mullin, Andrew Mays, Brandon Richey, and Unknown John Does, and Unknown Members of Tactical Team Known as "Orange Crush," Awarding Compensatory Damages, Punitive damages, Injunctive Relief,

Attorney's Fees and Costs, and Any Other Relief This Court deems Just and Appropriate.

## JURY DEMAND

Plaintiff Charles Sultan, Herein demands A Trial by Jury Pursuant To The Federal Rules of Civil Procedure on all Issues so Triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff request That The Relief:

A. An injunction against The IDOC ORANGE CRuch, From Causing The injuries Complained ofi and

B. Award of Damages Against The Defendans So Named Compensntory$_____, and punitive $_____

Dated: May 22, 2015

Respectfully Submitted,
/s/ Charles Sultan #A93755
Charles Sultan
10930 Lawrence Rd
-34-    Sumner, Il. 62466

STATEMENT OF Exhibits.
.42 U.S.C. § 1983

1. I, Charles Sultan, #A93755, Certify That, I have Sought Relief Through The Lawrence grievance they Loss The First of Two, and ARB on Second grievance was denied the EMERGENCY Marked Matter. All grievance attached are hereto.

2. I Next Appealed To The Director. which was Submitted within 30 days after The Date of The CAO's decision. All are Attached herein.

3. I Attched News paper, of Local Correctional Centers Named in Class Action Lawsuit, By Tyson CO/E SENTINE/ NEWS STaff.

4. Letter To The Director, with letter To S.A. Godinez,
5. G/O's Reply.
6. ARB's Return of Grievance., Dated 1-21-2015

These Exhibits Are attached hereto.

DATED: 5/22/15            /S/ Charles Sultan  A93755

TO: ARB, Donald Stolworthy
P.O. Box 19277
Springfield, Il. 62794

DATED: 5/7/15

FR: Charles Sultan #H93755
10930 Lawrence Rd.
Sumner, Il.62466

RE: Objection To Not Submitted in
Time Frame, EMERGENCY Grievance

Exhibits

Dear Director Stolworthy,
    This letter is a Request For my Grievance That was DATED 8-1-2014 Filed on 8-5-14 Which I placed in The Locked Box For grievance on my unit. On 9-1-14 I Filed This second Complaint upon The same issues Concerning the Matters of what The ORANGE CRush UNiT did To me on 7-7-14. The grievance on 8-5-14 was Somehow LosT by (I DOC) aT Lawrence CC's STaFF. From The Second One 9-1-14 Thru 11-18-14 comes To about 48 DAYS aFTer Filing and CAO's Signing on 11-12-14. To Dec.19,14 Then Looks like about 79 DAys The STAFF Kelp This grievance beFore Making a Ruleing upon iT, When The FiRsT One was Filed on 8-5-14 and was losT IT Should be Concerdered Filed. EVEN Though prison's ARB Took 79 DAys To decide This Appeal From the CAOs denial, The Prison regulaTion provided For decision wiThin 60 days Whenever possible. When LCC LosT my grievance The Remedies Were NoT AvAilAble To me. And I am asking you allow me a New Ruling on These issues aTTached in This Grievance You have The Power To SeTTle These MaTTer and NoT have To Do iT iN CounT because LCC Made my GrievAnce LATe. Do The Right Thing. Thank You For Your Time and UndersTanding
                                        Very TRuly Yours,
c. CAO, ARB and Cl. Files.

To: IDOC S.A. Godines
Director
1301 Concordia Court
Spring field, Il. 62794

FR. Charles Sultan ⁺ A93755
LCC,
10930 Lawrence Rd
Summer, Il 62466

RE: Lost EMERgENCY Grievance
DATE of 8-5-14.

DATE: 10/10/14

Dear Director S.A. GODINEZ,

This is My Second letter Iue Written To
You on The MATTer OF Lawrence STaFFs MisConduct
OF lossing my grievance ConCERing What happen To
Me on The 7-7-2014 with ORANgE CRush ViolaTing
My Rights, I Mailed My grievance by placing iT in
the "locked-Box For grievances on my UNIT." IT been
Over 60 DAys and I haue NO Respones From The
COA on The "EMERGency Filed Grievance". I am
Asking You To Look into This MATTer, I placed iT
in The Mail The FirsT Time on 8-5-14, Then The
Other, Second One OF The SAme MATTer Was Filed
9-1-14, The Warden has YeT To Respond To
My Request on my CoNCERes over my EMERGENCY
GRievance. My. FirsT letter To You was DATed; 8-29-14
and Today is 10/10/14 WhaTs Going ON IDioc DirecTor
Why Do you NoT Responsed? OR haue Someone To
Reply To My issues? Thank you For your understanding,
I Need For You To Order LCC's CAO To Reply To My Grievance

Very TRuly yours,
Charles Sultan A93755

C.C. CAO, ARB, And
S.A.G.
CS. Fileds.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 9-1-2014 | Offender: (Please Print) Charles Sultan | ID#: A93755 |
|---|---|---|
| Present Facility: Lawrence C.C. | Facility where grievance issue occurred: Lawrence CC | |

**NATURE OF GRIEVANCE:**    11-14-91    E1143

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] ADA Disability Accommodation
- [X] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [X] Other (specify) O C T U
- [ ] Disciplinary Report:  N/A     A.T.C - Terrori
  Date of Report                                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.    Second EMERGENCY GRIEVANCE

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information
for each person involved): This Complaint Was First Filed ON 8-1-2014 and Today is Sep
5, 2014. The Filed Complaint Is Concerning The Same Method Used ON
6-28-14 and 7-7-14 by "IDOC's ORANGE CRUSH TERRORISM
UNIT." ON 7-7-14 There Was No Need For Excessive Force
First The inmates in R-1 Fight Was Over with. Forcing Me To Walk
With My Genitals Touching The MAN IN FRONT OF Me. The so-called
buttocks To hands. The Tactices used Violats My Civil Right
And The Federal Prison Rape Elimination Act. This is a Civil Rig
Action by Charles Sultan, a State Prisoner. For damages, and In-
junctive Relief, alleging "excessive use of Force" and denial of Medi
Care in Violation of The Eighth Amendment To The United
States Constitution. C/o Hamilton, Glwansy and John Doe#1 are Corre
ional officers employed by IDOC. also The CAO and Dr. Godinez are offic
of Idoc.

- [X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Charles Sultan    A93755    9 / 1 / 2014 |
|---|
| Offender's Signature    ID#    Date |
| C. C. C.S.    (Continue on reverse side if necessary) |

---

**Counselor's Response (if applicable)**

Date Received: 11 / 14 / 14    [ ] Send directly to Grievance Officer    [X] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277    6-28-14

Response: Outside 60 day Time Frame You State This Occurred On
and 7-7-14 Grievance was received on 11-14-14 Copy of
grievance sent To Internal Affairs.

| CCII Houston    Cell 25    11 / 18 / 14 |
|---|
| Print Counselor's Name    Counselor's Signature    Date of Response |

---

**EMERGENCY REVIEW**

Date Received: 11 / 21 / 14    Is this determined to be of an emergency nature?    [ ] Yes; expedite emergency grievance
[X] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature    11 / 12 / 14

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**
**Return of Grievance or Correspondence**

R2-AC-19

Offender: _SULTAN_ _CHARLES_ ___ _A93755_
                    Last Name              First Name        MI        ID#

Facility: _LAWRENCE_

☑ Grievance: Facility Grievance # (if applicable) _____. Dated: _9/1/2014_ or ☐ Correspondence: Dated: _____

Received: _12/17/2014_ Regarding: _STAFF CONDUCT - ORANGE CRUSH TEAM 06/28/2014 and 7/7/2014_
              Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:    Administrative Review Board
                                                                                                                                                        Office of Inmate Issues
                                                                                                                                                        1301 Concordia Court
                                                                                                                                                        Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
                                        319 E. Madison St., Suite A
                                        Springfield, IL   62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☑ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____.
                                                                            Date

☐ No justification provided for additional consideration.

**Other** (specify): _____
_____

Completed by: _____ T. S. Keen _____    _Scott Keen_    _01, 21, 2015_
                                  Print Name                              Signature                Date

Distribution:    Offender          *Printed on Recycled Paper*          DOC 0070 (Rev.4/2013)
                      Inmate Issues